[Cite as *Smith v. Smith*, 2017-Ohio-6919.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Ronald N. Smith

Plaintiff

v.

Twila M. Smith

Appellee

[Gaye Harris Miles - Appellant]

Court of Appeals No. OT-16-014

Trial Court No. 07DR226

**DECISION AND JUDGMENT**

Decided: July 21, 2017

* * * * *

Howard C. Whitcomb, II, for appellee.

Geoffrey L. Olglesby, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 25, 2016 judgment of the Ottawa County

Court of Common Pleas, which found appellant, Gaye Harris-Miles, in contempt of court.

This case stems from a divorce action between appellee, Twila Smith, and her now deceased ex-husband, Ronald Smith.

{¶ 2} Appellant had served as legal counsel for the decedent in the 2009 divorce action. As a result of her conduct as legal counsel in the divorce, appellant was found in contempt of court. The trial court made the contempt finding after discovering that appellant had improperly reduced the spousal support award granted in the divorce decree through the filing of a nunc pro tunc pertaining to a property legal description.

{¶ 3} In conjunction with the improper modification by appellant, the trial court further noted in making a finding of contempt that appellant was aware of the impropriety of the matter for at least seven months prior to the contempt hearing yet took no action to remedy her misconduct and offered no benign explanation for her actions.

{¶ 4} Following the finding of contempt against appellant, appellant was sentenced to a stayed 30-day term of incarceration, with purge conditions established including the repayment of $19,883.14 in restitution to the victim. The restitution amount was comprised of the legal fees, spousal support shortfall, and other costs incurred as a result of appellant's actions. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 5} Appellant sets forth the following five assignments of error:

I. THE TRIAL COURT ERRED BY FINDING THE APPELLANT IN CONTEMPT FOUR YEARS AFTER THE FACT, ORDERING HER TO PAY ATTORNEY FEES BASED ON FACT THAT THE CLAIM

2.

FOR ATTORNEY FEES AND OTHER COSTS COULD HAVE BEEN LITIGATED AND THEN WERE LITIGATED IN THE UNDERLYING CASE.

II. THE COURT ERRED BY FINDING THAT AN ATTORNEY IS LIABLE TO [A] THIRD PERSON ARISING OUT OF HER PERFORMANCE IN COURT.

III. THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION BY HOLDING THE APPELLANT IN CONTEMPT WHEN THERE WAS NO FINDING THAT THE ACTS OF THE APPELLANT WERE WILLFUL DISOBEDIENCE OF A COURT ORDER, NOR A FINDING THAT THE APPELLANT FAILED TO COMPLY WITH A COURT ORDER.

IV. THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION BY HOLDING AND HAVING A HEARING ON A CONTEMPT MOTION AGAINST AN APPELLANT ATTORNEY WHEN THE ATTORNEY FOR THE APPELLEE PUT IN [THE] BILLING STATEMENT THAT THE ATTORNEY FOR THE APPELLEE HAD A 'CONFERENCE WITH THE JUDGE' AND THE CONFERENCE IS NOT ON THE RECORD AND NOT ATTENDED BY THE APPELLANT ATTORNEY.

3.

## V. THE TRIAL COURT ERRED BY ACCEPTING JURISDICTION WHEN THE STATUTE OF LIMITATIONS ON CONTEMPT EXPIRED.

{¶ 6} The following undisputed facts are relevant to this appeal. In the 2009 divorce decree judgment, spousal support was awarded to appellee in an amount of $500 per month for 10 years. The spousal support provision established that, "[T]he award of spousal support also ***shall not*** terminate upon the death or remarriage of either party." (Emphasis added).

{¶ 7} In 2010, appellant sua sponte drafted a nunc pro tunc entry ostensibly solely for purposes of adding a legal description to the divorce decree. However, the entry also unilaterally reduced the spousal support award. The improper entry was signed by appellant and submitted to a trial court magistrate. Appellee was never notified of the entry, nor did she receive a copy of it.

{¶ 8} Contrary to the original divorce decree, the spousal support provision establishing that, "[T]he award of spousal support also ***shall not*** terminate upon the death or remarriage of either party" was materially altered by the nunc pro tunc to state that, "[T]he award of spousal support ***also shall*** terminate upon the death or remarriage of either party." (Emphasis added). As such, the deletion of the key word "not" in the modified version of the spousal support award improperly modified the spousal support award.

4.

{¶ 9} In 2012, based upon the modified spousal support provision, appellant filed a motion on behalf of Mr. Smith to terminate spousal support as he had remarried. The motion to terminate spousal support was granted by a magistrate.

{¶ 10} Notably, appellee once again was not notified by appellant of these actions nor was she served with a copy of the entry prematurely terminating her spousal support seven years prior to the divorce decree term. Appellee only became aware of the termination of the spousal support termination after being notified by the Ottawa County CSEA.

{¶ 11} In 2013, following her discovery of what had occurred, appellee obtained counsel and filed a Civ.R. 60(B)(5) motion to vacate the nunc pro tunc judgment. Once the matter was brought to the attention of the trial court, the trial court reinstated the original $500 a month 10-year spousal support order and vacated appellant's improper 2012 nunc pro tunc entry. In October 2015, Mr. Smith died.

{¶ 12} On December 10, 2015, following her ex-husband's death, appellee testified in a motion to show cause hearing before the trial court regarding the economic harm and various costs that she had incurred as a result of the improperly altered spousal support provision. Appellant furnished no legitimate rationale for her actions in connection to the nunc pro tunc. The trial court held appellant in contempt of court. This appeal ensued.

{¶ 13} We note that all of the assignments of error are rooted in the common legal premise that the trial court abused its discretion in connection to finding appellant in

5.

contempt of court. Accordingly, we will simultaneously consider the assignments of error.

{¶ 14} In *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983), the Ohio Supreme Court defined abuse of discretion as, "connot[ing] more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id*. at 219.

{¶ 15} Despite appellant's many arguments to the contrary, the record reflects no impropriety by the trial court in addressing the above-described course of conduct by appellant in her capacity as legal counsel. The record is devoid of any objective evidence demonstrating a proper justification for appellant's covert conversion of the spousal support terms via a unilateral nunc pro tunc which was supposedly filed solely for purposes of inserting a legal description.

{¶ 16} The record reflects that the ramification of appellant's actions was the reduction of appellee's spousal support award without notice or a hearing. This resulted in the cessation of a 10-year award of spousal support after just three years.

{¶ 17} The record reflects appellee did not discover what had taken place until September 21, 2012, upon notification from the local CSEA. As such, appellee's February 20, 2013 Civ.R.60(B)(5) motion was timely made.

{¶ 18} The record reflects appellant's deliberate course of conduct in not notifying appellee, or anyone on appellee's behalf, that appellant unilaterally altered the spousal support obligation owed to appellee. Under the original agreement, appellee was owed

6.

$60,000 in spousal support. Due to appellant's improper entry, that obligation was reduced by two-thirds, to $20,000.

{¶ 19} Blanket assertions by appellant that there is no evidence of illicit intent underlying these actions run counter to the record of evidence. The covert manner in which this was done, in conjunction with the direct financially material benefit to appellant's client, eliminates benign motivations.

{¶ 20} The record further reflects that at appellant's contempt hearing she failed to offer any logical or legitimate explanation for her conduct or for her failure to undo it during the seven-month span from appellee's motion filing until appellant's show cause hearing.

{¶ 21} We further note that appellant's unsupported suggestion that a time billing entry by legal counsel that appellee retained in order to rectify appellant's conduct in any way undercuts the contempt finding is counterintuitive and unpersuasive.

{¶ 22} Lastly, with respect to the timeliness of the contempt proceeding, the record shows that the trial court first learned of the misconduct on September 20, 2013. The motion to show cause was filed on May 26, 2015, prior to the lapsing of the two-year statute of limitations.

{¶ 23} Wherefore, we find that appellant has failed to demonstrate any arbitrary, unreasonable, or unconscionable trial court actions in connection to this matter. Appellant's assignments of error are found not well-taken and are denied. The judgment

7.

of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE